# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 10, 2022

Lyle W. Cayce
Clerk

No. 21-60163
Summary Calendar

Khadar Mahamed Mahamud,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A213 482 595

Before Davis, Jones, and Elrod, *Circuit Judges.*

Per Curiam:*

Khadar Mahamed Mahamud, a native and citizen of Ethiopia, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from a decision of the immigration judge (IJ) concluding that he was ineligible for asylum, withholding of removal, and

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

relief under the Convention Against Torture (CAT).  The BIA affirmed the IJ's adverse credibility determination, and on that basis, concluded that Mahamud had failed to establish an eligibility for relief.

In his brief, Mahamud raises arguments as to the several inconsistencies identified by the IJ; however, we do not assess Mahamud's arguments as to credibility factors that the BIA did not rely on.  *See Avelar-Oliva v. Barr*, 954 F.3d 757, 763 (5th Cir. 2020).  As to the inconsistencies relied on by the BIA, in essence Mahamud's contentions are that he testified candidly and consistently and that the perceived inconsistencies underlying the adverse credibility determination are the result of mistakes or omissions by the asylum officer who conducted the credible fear interview (CFI) and the person who prepared a letter that indicated his mother had been killed by the Ethiopian government.  Relying on extra-circuit authority, Mahamud argues that the CFI should not have been considered in determining his credibility because the record of the CFI is not a verbatim transcript of the interview; he also contends that, at the conclusion of his CFI, the asylum officer only read back a short summary of his statements, limiting his ability to verify the correctness of the asylum officer's account of the CFI.

We have rejected an argument that "credibility can never be challenged by reference to a credible-fear worksheet." *Arulnanthy v. Garland*, 17 F.4th 586, 594 (5th Cir. 2021).  Further, we have stated that "discrepancies among an alien's CFI, other records, and testimony can be considered in deciding credibility." *Avelar-Oliva*, 954 F.3d at 765.

Regardless, even if the BIA's consideration of the CFI is problematic under the particular facts of this matter, there is no realistic possibility that the BIA would have reached a different conclusion.  *See Enriquez-Gutierrez v. Holder*, 612 F.3d 400, 407 (5th Cir. 2010).  This is true because, even aside from the CFI, the BIA cited "specific and cogent reasons derived from the

record" to support the adverse credibility determination. *Singh v. Sessions*, 880 F.3d 220, 225 (5th Cir. 2018) (internal quotation marks and citation omitted). Mahamud has failed to demonstrate that it is clear from the totality of the circumstances that no reasonable factfinder could make an adverse credibility ruling in his case. *See Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009). Thus, the adverse credibility determination is supported by substantial evidence. *See id.* at 536-40.

Without credible evidence, there was no basis for the BIA to grant asylum or withholding of removal. *See Chun v. INS*, 40 F.3d 76, 79 (5th Cir. 1994). Further, Mahamud has pointed to "no independent, non-testimonial evidence going to the likelihood of torture," and therefore the adverse credibility finding is also decisive of his CAT claim. *See Arulnanthy* 17 F.4th at 597-98 (quotation on 598). Accordingly, the petition for review is DENIED.